## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JADE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-13-M |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT | ) | |
| NO. I-1 OF STEPHENS COUNTY, | ) | |
| OKLAHOMA; and | ) | |
| JEREMY SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendant Independent School District No. I-1 of Stephens County, Oklahoma's ("District") Partial Motion to Dismiss, filed February 27, 2012. On March 19, 2012, plaintiff filed her response. District has not filed a reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

During the school years of 2007 to 2010, Defendant Jeremy Smith ("Smith") was employed with District as plaintiff's teacher and assistant band director. Plaintiff alleges that, from September 2007 to May 2010, Smith subjected plaintiff to sexual harassment, advances, and sexual conduct while he worked for District. According to plaintiff, the conduct included: Smith giving plaintiff favorable or special treatment in Smith's class or activities; Smith sending messages expressing his affection and desire for plaintiff and acknowledging her reluctance to become sexually involved with him; Smith sexually touching plaintiff in his classroom; Smith sexually assaulting plaintiff at his home, in his vehicle, and at other locations. Plaintiff further alleges that the conduct occurred during school hours and in furtherance of school events both on and off school property. Purportedly, Smith

told plaintiff to keep Smith's affections secret.

In May 2010, Smith was arrested and charged with felony rape by instrumentation. In August 2011, in Stephens County District Court, State of Oklahoma, defendant entered a plea of guilty to the charge of felony rape by instrumentation and was sentenced to 15 years' imprisonment.

Plaintiff alleges that, from September 2007 to his May 2010 arrest, Smith subjected at least two other students at Duncan High School to similar sexual behavior. Purportedly, Smith's superiors confronted Smith about his perceived sexual conduct on more than one occasion. Plaintiff further alleges that District did not timely investigate. Plaintiff now brings causes of action for, *inter alia*, violation of 42 U.S.C. §1983 and negligent hiring, retention, training, and supervision.

II.    Standard

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 1949 (internal quotations and citations omitted).

III.  <u>Discussion</u>

    A.    <u>Negligent Hiring, Retention, Training, and Supervision</u>

District moves to dismiss plaintiff's claim for negligent hiring, retention, training, and supervision and plaintiff's claim for gross negligence on the grounds that said claims were untimely pursuant to the Oklahoma Governmental Tort Claims Act ("OGTCA"), Okla. Stat. tit. 51, §§ 151, *et seq*.  District further contends that it is exempt from liability under the OGTCA.

Plaintiff "does not dispute that her negligence claims are governed by the [OGTCA] or the time computations and arguments set forth by [District] . . . ."  Plaintiff's Objection and Response to District's Partial Motion to Dismiss ("Plaintiff's Response") [docket no. 13] at p. 4.  Further, plaintiff concedes that District should be granted immunity under the OGTCA.  *Id.* at 4-5.

Accordingly, the Court dismisses plaintiff's claim for negligent hiring, retention, training, and supervision and plaintiff's claim for gross negligence.

    B.    <u>42 U.S.C. § 1983</u>

Section 1983 provides that every person who acts under the color of state law to deprive another of constitutional rights shall be liable in a suit for damages.  *Tower v. Glover*, 467 U.S. 914, 919 (1984) (citing 42 U.S.C. §1983).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating rights elsewhere conferred.  The first step in any such claim is to identify the specific constitutional right allegedly infringed."  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "Sexual harassment by a state actor may violate the equal protection clause." *Rost v. K.C. Steamboat Springs RE–2 Sch. Dist.*, 511 F.3d 1114, 1124 (10th Cir. 2008) (citing *Starrett v. Wadley*, 876 F.2d 808, 814 (10th Cir.1989)).

> A school district's liability for sexual harassment under the Equal Protection clause is analyzed under a municipal liability framework. A claim of municipal liability for sexual harassment requires that the state employee's discriminatory conduct be representative of an official policy or custom of the institution or are taken by an official with final policymaking authority. In the absence of an official policy, a municipality may still be liable for the widespread and persistent practice of sexual harassment which constitutes a custom.

*Id.* at 1124-25 (internal citation omitted). In order to prove a custom or practice of failure to receive, investigate, or act on complaints of constitutional violations, a plaintiff must prove: (1) a continuing, widespread, and persistent pattern of misconduct by the state; (2) deliberate indifference to or tacit authorization of conduct by policy-making officials after notice of the conduct; and (3) a resulting injury to plaintiff. *See id.*, 511 F.3d at 1125; *see also J.M. ex rel. Morris v. Hilldale Indep. Sch. Dist. No. 1-29*, 397 Fed. App'x 445, 456 (10th Cir. 2010).

"[T]he identity of those final policymakers whose conduct can create municipal liability is "'a question of state law.'" *Milligan-Hitt v. Bd. of Tr. of Sheridan Cnty. Sch. Dist. No. 2*, 523 F.3d 1219, 1224 (10th Cir. 2008) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). Under Oklahoma law, "the board of education of each school district shall have [the] power to . . . make rules . . . governing the board and the school system of the district." Okla. Stat. tit. 70, § 5-117.

In the case at bar, the Court finds that plaintiff does not allege that Smith's conduct was representative of District's official policy or that Smith was an official with final policymaking authority.  Moreover, plaintiff amended her Complaint as to remove District's board of education – District's final policymaker – as a defendant in this matter.  *Compare* Plaintiff's Complaint [docket no.1] *with* Plaintiff's Amended Complaint [docket no. 5].  Therefore, plaintiff has not alleged sufficient facts to establish an official policy that constituted a § 1983 violation.

Additionally, the Court finds that plaintiff fails to allege sufficient facts to establish a custom or practice that would constitute a § 1983 claim.  Specifically, District's alleged failure to investigate Smith's sexual conduct does not constitute a continuing, widespread, and persistent pattern of misconduct by District.  Further, the Court does not find it reasonable to infer that District had a deliberate indifference or tacit authorization of Smith's conduct due to an alleged failure to conduct an investigation.  Therefore, based upon plaintiff's allegations, the Court finds that District did not engage in a custom or practice as to support plaintiff's § 1983 claim.

Accordingly, the Court dismisses plaintiff's § 1983 claim.

C.    Punitive Damages

Local Civil Rule 7.1(g) provides, in pertinent part: "Any motion that is not opposed within 21 days may, in the discretion of the Court, be deemed confessed."  To that end, a plaintiff's failure to address the arguments presented in a motion to dismiss is an implicit concession that the plaintiff fails to state a claim upon which relief may be granted.  *Joint Tech., Inc. v. Weaver*, No. CIV-11-846-M, 2010 WL 4639926, at *3 (W.D. Okla. Oct 4, 2011).

In District's Partial Motion to Dismiss, filed February 27, 2012, District moved to dismiss plaintiff's claims for punitive damages.  In plaintiff's response, filed March 19, 2012, plaintiff did

not oppose District's arguments against plaintiff's claims for punitive damages. To date, plaintiff has failed to address said arguments that District has set forth. Having carefully reviewed the parties' submissions, the Court finds that plaintiff has implicitly conceded that it failed to state a claim upon which relief can be granted.

Accordingly, the Court dismisses plaintiff's claim for punitive damages.

D.    Leave to Amend

In her response, plaintiff alternatively requests leave to amend her complaint as to cure any pleading deficiencies. However, "a court need not grant leave to amend when a party fails to file a formal motion." *Calderon v. Kan. Dept. of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). Local Civil Rule 7.1(l) provides, in pertinent part:

> In a motion to amend . . . , the movant shall state: (1) the deadline date established by the scheduling order, if any; (2) whether any other party objects to the motion; and (3) shall include as a separate section under the heading "Relief Requested" a statement of the precise relief requested by the motion.

Furthermore, the Tenth Circuit has "held it insufficient where the plaintiffs [make] a bare request in their response to a motion to dismiss 'that leave be given to the [p]laintiffs to amend their [c]omplaint.'" *Id.* (quoting *Glenn v. First. Nat'l Bank in Grand Junction*, 868 F. 2d 368, 370 (10th Cir. 1989)). Thus, a district court "commit[s] no error in not ruling" on an "informal request" to amend. *See id.*

Here, the Court finds that plaintiff has not filed a formal motion for leave to amend. Particularly, plaintiff has failed to: state whether any defendant objects to plaintiff's request to amend and include a precise relief requested under a "Relief Requested" section. Rather, in her response, plaintiff couches a one-sentence request for the Court to "allow [p]laintiff to [a]mend her Complaint

6

to cure any pleading deficiencies." Plaintiff's Response [docket no. 13] at p. 7. Absent more specificity as to what deficiencies plaintiff seeks to cure and what particular grounds she bases her request upon, the Court finds that plaintiff makes a bare, insufficient request to amend in her response.

Accordingly, the Court declines to rule on plaintiff's informal request for leave to amend her complaint.

IV.    Conclusion

For the reasons set forth above, the Court GRANTS District's Partial Motion to Dismiss [docket no. 7]. Specifically, the Court DISMISSES plaintiff's Second Cause of Action – § 1983 claim for Equal Protection violation – and plaintiff's Third Cause of Action – negligent hiring, retention, training, and supervision claim and gross negligence claim.

IT IS SO ORDERED this 3rd day of April, 2012.

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE