## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JADE THOMPSON,                )
                                  )
            Plaintiff,          )
                                  )
v.                             )     Case No. CIV-12-13-M
                                  )
INDEPENDENT SCHOOL DISTRICT  )
NO. I-1 OF STEPHENS COUNTY,    )
OKLAHOMA; and                 )
JEREMY SMITH,              )
                                  )
            Defendants.     )

## ORDER

Before the Court is defendant Jeremy Smith's ("Smith") Motion to Dismiss, filed April 4, 2012. On April 25, 2012, plaintiff filed her response. Smith did not file a reply. Based upon the parties' submissions, the Court makes its determination.

I.     Introduction

During the school years of 2007 to 2010, Smith was employed with defendant Independent School District No. I-1 of Stephens County, Oklahoma's ("District") as plaintiff's teacher and assistant band director. Plaintiff alleges that, from September 2007 to May 2010, Smith subjected plaintiff to sexual harassment, advances, and sexual conduct while he worked for District. According to plaintiff, the conduct included: Smith giving plaintiff favorable or special treatment in Smith's class or activities; Smith sending messages expressing his affection and desire for plaintiff and acknowledging her reluctance to become sexually involved with him; Smith sexually touching plaintiff in his classroom; Smith sexually assaulting plaintiff at his home, in his vehicle, and at other locations. Plaintiff further alleges that the conduct occurred during school hours and in furtherance of school events both on and off school property. Purportedly, Smith told plaintiff to keep Smith's

affections secret.

In May 2010, Smith was arrested and charged with felony rape by instrumentation. In August 2011, in Stephens County District Court, State of Oklahoma, defendant entered a plea of guilty to the charge of felony rape by instrumentation and was sentenced to 15 years' imprisonment.

Plaintiff alleges that, from September 2007 to his May 2010 arrest, Smith subjected at least two other students at Duncan High School to similar sexual behavior. Purportedly, Smith's superiors confronted Smith about his perceived sexual conduct on more than one occasion. Plaintiff further alleges that District did not timely investigate. Plaintiff now brings causes of action for, *inter alia*, gross negligence and negligent hiring, retention, training, and supervision.

II.   Standard

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and

2

conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 1949 (internal quotations and citations omitted).

III.   Discussion

    A.   Title IX and Negligent Hiring, Retention, Training and Supervision Claims

Smith moves to dismiss plaintiff's Title IX and negligent hiring, retention, training, and supervision claims on the grounds that plaintiff has failed to state a claim upon which relief may be granted.  In her response, "[p]laintiff stipulates that she did not allege a cause of action for a Title IX claim or Negligent Hiring, Retention, Training and Supervision against Defendant Smith and that the inclusion of his name . . . was an oversight . . . ."  Plaintiff's Objection and Response to Smith's Motion to Dismiss [docket no. 18] at p. 1.

Accordingly, the Court dismisses plaintiff's Title IX and negligent hiring, retention, training, and supervision claims against Smith.

    B.   Gross Negligence

Defendant moves to dismiss plaintiff's gross negligence claim for failure to satisfy *Twombly* and *Iqbal* standards and for failure to state a claim upon which relief may be granted.  Plaintiff contends that she alleges sufficient facts to establish a gross negligence claim and satisfy the *Twombly* and *Iqbal* standards.

Under Oklahoma law, "[g]ross negligence is defined by 25 O.S.1981 § 6 as the lack of slight care and diligence." *Fox v. Okla. Mem'l Hosp.*, 774 P.2d 459, 461 (Okla. 1989).  "Gross negligence is characterized as reckless indifference to the consequences.  It falls short of an intentional wrong's equivalent." *Myers v. Lashley*, 44 P.3d 553, 563 (Okla. 2002).

Having carefully reviewed plaintiff's amended complaint, the Court finds that plaintiff alleges sufficient facts to establish a gross negligence claim and satisfy the *Twombly* and *Iqbal* standards. Specifically, plaintiff alleges that Smith subjected plaintiff to sexual harassment, advances, and sexual conduct while he was plaintiff's teacher and assistant band director. Plaintiff's Amended Complaint [docket no. 5] at ¶¶ 12-14. Plaintiff further alleges that Smith's conduct included: Smith giving plaintiff favorable or special treatment in Smith's class or activities; Smith sending messages expressing his affection and desire for plaintiff and acknowledging her reluctance to become sexually involved with him; Smith sexually touching plaintiff in his classroom; Smith sexually assaulting plaintiff at his home, in his vehicle, and at other locations. *Id.* at ¶ 14. Accepting plaintiff's allegations as true,[1] the Court finds that plaintiff has alleged sufficient facts to establish that Smith was recklessly indifferent to the consequences of his conduct and that Smith's conduct was lacking slight care and diligence. Thus, the Court finds that plaintiff has a plausible claim for gross negligence.

Accordingly, the Court denies Smith's motion to dismiss as to gross negligence.

IV.   Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Smith's Motion to Dismiss [docket no. 17]. Specifically, the Court: (1) GRANTS Smith's Motion to Dismiss as to plaintiff's Title IX and negligent hiring, retention, training, and supervision claims against Smith and DISMISSES said claims; and (2) DENIES Smith's Motion to Dismiss as to

---

[1]When ruling on a motion to dismiss, a court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

plaintiff's gross negligence claim.

**IT IS SO ORDERED this 9th day of May, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

5