# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JADE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-13-M |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT | ) | |
| NO. I-1 OF STEPHENS COUNTY, | ) | |
| OKLAHOMA; and | ) | |
| JEREMY SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case is scheduled for trial on the Court's May 2013 trial docket.

Before the Court is defendant Independent School District No. I-1 of Stephens County, Oklahoma's ("District") Motion for Summary Judgment, filed March 1, 2013. On March 29, 2013, plaintiff filed her response, and on April 4, 2013, District filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction[1]

Plaintiff was a student at Duncan High School from 2006-2010. In May 2010, plaintiff graduated with an overall grade point average of a 3.93. Plaintiff was active in several activities, including band.

District employed defendant Jeremy Smith ("Smith") from summer 2007 to May 2010. District employed Smith as a band teacher with extra-duty assignments as a middle school band director and percussion instructor for middle school and high school students. Carol Bowles, an assistant principal at Duncan Middle School, supervised Smith and conducted his evaluations.

---

[1]The facts in this introduction are set forth in the light most favorable plaintiff.

Plaintiff also alleges that Jeramy Haas ("Haas") was Smith's supervisor for band-related activities and that Smith had to report to Haas.

District's Sexual Harassment of Students and/or Employees Policy (the "Policy") prohibits teachers from using their authority to solicit sexual favors or attention from students. The Policy further provides that:

> Students and/or employees who feel that administrators, supervisors, support personnel, teachers, or students are subjecting them to sexual harassment are encouraged to report these conditions to an appropriate administrator or teacher. If the student or employee's immediate administrator or teacher is the alleged offending person, the report will be made to the next higher level of administration or supervision.

The Policy, attached as Exhibit 7 to District's Motion for Summary Judgment. Moreover, District distributed a handbook to Smith that included the sexual harassment policy. Smith did not read the handbook, but returned the signed form acknowledging receipt of the handbook.

During 2007-2008, Smith and plaintiff communicated with each other through text messages about matters related to band and personal matters. During a weekend in spring 2008, plaintiff related to Smith a dream she had about them kissing. Subsequently, Smith invited plaintiff to his house. According to plaintiff, while she was not physically coerced into going to Smith's house, Smith convinced her to stay by using his authority and manipulation. Plaintiff reported her interactions with Smith only to her friend, Whitney Williams, and did not consider reporting Smith's actions to District's teachers, principal, or counselors.

During 2008-2009, plaintiff went to Smith's house on approximately three occasions. Smith engaged in physical contact with her on those occasions. Sometime between November 2008 and January 2009, plaintiff confided in Daxton Holland ("Holland") about her physical contact with

Smith.[2] Holland did not encourage plaintiff to tell anyone at school about her interactions with Smith. At the time, plaintiff did not consider reporting Smith's actions to anybody at the school.

During spring 2009, plaintiff went to Smith's house four to six times. Plaintiff and Smith had sexual contact during those visits. Plaintiff also went to dog sit for Smith when he was not there. At times, plaintiff's parents knew that plaintiff was going to Smith's house because she told them that was where she was going.

In September 2009, plaintiff was 18 years-old. Smith never reported her relationship with Smith to anyone at District. However, Clara "Carrie" Grady, a parent of a student in District, reported to the Haases[3] her observation of inappropriate and physically intimate behavior between Smith and plaintiff.

In the summer prior to plaintiff's senior year, Smith allegedly told plaintiff that Haas confronted him and told him that what he was doing could get him in trouble and cost him his job. Plaintiff was not present during this alleged conversation between Haas and Smith. Smith denies that Haas ever confronted him about his relationship with plaintiff.

During fall 2009, Haas saw a female student's car at Smith's house after a football game. Haas called Smith and told Smith that the student needed to leave because it was too late for a student to be at his house. Smith called Haas back to explain that the student was getting his keys and learning how to care for Smith's dog while he was out of town.

In March 2010, during a spring break trip to Orlando, Florida, Smith spent his time with plaintiff and other students. After seeing Smith with plaintiff and other students, Haas told Smith

---

[2]The parties do not specify who Holland was in relation to plaintiff.

[3]Dawn Haas, Haas' wife, was also an assistant band director for District.

3

not to go anywhere with plaintiff and to stay away from her for the remainder of the trip. The Haases had a conversation with Smith after the spring break trip about grading practices and what they perceived to be his favoritism towards plaintiff and other students.

On April 8, 2010, plaintiff's mother sent an email to Haas in which she explained that plaintiff was close to Smith because he was close to the percussion group and spent more time with them; plaintiff's mother wrote, in part: "Don't make it something it is not. She trusts him and respects his opinion." Email from Devonna Thompson to Haas, attached as Exhibit 8 to District's Motion for Summary Judgment. On May 3, 2010, Haas forwarded the email to Gary Reed ("Reed"), the high school principal, and noted to Reed that he concluded that Smith talked to plaintiff or other students about the discussions between the Haases and Smith.

On May 4, 2010, Janice Gay, the assistant high school principal, advised Duncan Police Department Officer and School Resource Officer Michael Breeze ("Breeze") and Reed that a student found a cell phone in the bathroom at the school with sexual messages between Smith and plaintiff. Breeze later determined that the phone belonged to plaintiff.

On May 6, 2010, District suspended Smith. Smith never told any District employee about his relationship with plaintiff. Based upon the evidence presented to the Stephens' County District Attorney, Smith was charged with committing rape by instrumentation, Okla. Stat. tit. 21, § 1111.1. Smith pled guilty to said charge and is under the custody of the Oklahoma Department of Corrections.

On January 4, 2012, plaintiff filed her Complaint, and on February 14, 2012, plaintiff filed her Amended Complaint. District now moves for summary judgment as to plaintiff's claim for sexual harassment under Title IX of the Education Amendments of 1972 ("Title IX").

4

II.     Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

   A.    Title IX

District asserts that plaintiff cannot recover under Title IX because the conduct was not reported to the appropriate person, District had no actual knowledge, and District did not demonstrate a deliberate indifference. Plaintiff contends that all elements are established.

Pursuant to Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education

program or activity receiving Federal financial assistance . . . ." 20 U.S.C. § 1681(a). "Sexual harassment is a form of discrimination on the basis of sex and is actionable under Title IX." *Escue v. N. Okla. College*, 450 F.3d 1146, 1152 (10th Cir. 2006). A private cause of action for monetary damages may be awarded for the deliberate indifference to a teacher's sexual harassment of a student against a school district that receives federal funds. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290-91 (1998); *see also Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005).[4] "Liability is imposed : (1) 'only if the [school] remains deliberately indifferent to acts of harassment of which it has actual knowledge,' (2) the harassment was reported to an 'appropriate person . . . with the authority to take corrective action to end the discrimination,' and (3) the harassment was 'so severe, pervasive and objectively offensive that it . . . deprived the victim of access to the educational benefits or opportunities provided by the school.'" *Escue*, 450 F.3d at 1152 (internal citations omitted).[5]

1. Appropriate Person With Actual Knowledge

"An 'appropriate person' . . . is, at a minimum, an official of the recipient entity with authority to take corrective action to end the discrimination." *Gebser*, 524 U.S. at 290. "Because officials' roles vary among school districts, deciding who exercises substantial control for the purposes of Title IX liability is necessarily a fact-based inquiry." *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1247 (10th Cir. 1999).

---

[4]"District admits that it is a recipient of federal funds and subject to Title IX's prohibition on sex discrimination and sexual harassment." District's Motion for Summary Judgment [docket no. 39] at 12.

[5]District has not set forth argument as to whether plaintiff satisfied the third element set forth under *Escue*. Thus, the Court will not address said element.

In regards to actual knowledge,

> courts universally recognize that "actual notice" exists where a school has information indicating a "substantial danger" to students. However, the actual notice standard "does not set the bar so high that a school district is not put on notice until it receives a clearly credible report of sexual abuse from the plaintiff-student. At some point . . . a supervisor school official knows . . . that a school employee is a substantial risk to sexually abuse children . . ."

*Doe v. Defendant A*, No. 12–CV–392–JHP–TLW, 2012 WL 6694070, at*6 (N.D. Okla. Dec. 21 2012) (internal citations omitted); *J.M. v. Hilldale Indep. Sch. Dist. No. I-29 of Muskogee Cnty., Okla.*, No. CIV 07-367-JHP, 2008 WL 2944997, at *8 (E.D. Okla. July 25, 2008) (internal citations omitted). Nevertheless, a school district is liable for actual knowledge, not for what "the district should have known about harassment but failed to uncover and eliminate it." *Simpson v. Univ. of Colo. Boulder*, 500 F.3d 1170, 1175 (10th Cir. 2007) (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that there is a genuine issue of material facts as to whether an appropriate person had actual knowledge of plaintiff and Smith's relationship. Specifically, a rational jury could find that Haas was an appropriate person because Haas was Smith's supervisor for band-related activities and Smith had to report to Haas. A rational jury can further find that Haas was an appropriate person because the Policy encourages reporting sexual harassment between a teacher and student to the next higher level of administration or supervision. Furthermore, a rational jury could infer that Haas, as Smith's supervisor, could have taken corrective action by placing plaintiff in a different section of the band

7

away from Smith or demanding that Smith stayed away from plaintiff.[6]

Moreover, viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that a rational jury could infer that Haas had actual knowledge of the sexual harassment. Specifically, a rational jury could infer actual knowledge based upon, *inter alia*, Haas' statements during the spring break trip, the Haases' confrontation of Smith regarding favoritism, and Clara "Carrie" Grady's report to the Haases about her observation of inappropriate and physically intimate behavior between Smith and plaintiff. Therefore, based upon the evidence presented, there is a genuine issue of material facts as to whether District had actual notice that Smith was a substantial risk to sexually harass plaintiff.

Accordingly, the Court finds that District is not entitled to summary judgment as to whether an appropriate person had actual knowledge.

2.  Deliberate Indifference

As set forth above in Part III.A, a plaintiff under Title IX must establish that "the [school] remains deliberately indifferent to acts of harassment of which it has actual knowledge." *Escue*, 450 F.3d at 1152 (internal citations omitted). A defendant avoids liability if it "respond[s] to known peer harassment in a manner that is not clearly unreasonable." *Davis Next Friend LaShonoda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 648-49 (1999).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that a rational jury could find that District acted with deliberate indifference to the sexual

---

[6]A rational jury could make said inference, albeit barely, based upon the evidence that Haas told Smith, during the spring break trip, not to go anywhere with plaintiff and to stay away from her for the remainder of the trip.

harassment. Specifically, a rational jury could find that the inaction taken by District until the cell phone was discovered was clearly unreasonable in light of the actual knowledge discussed in Part III.A.1.

Accordingly, the Court finds that District is not entitled to summary judgment as to whether District acted with deliberate indifference.

B. Statute of Limitations

"The Tenth Circuit has not specifically addressed what statute of limitations applies to a Title IX claim." *Nunley v. Pioneer Pleasant Vale Sch. Dist. No. 56*, 190 F. Supp. 2d 1263, 1264 (W.D. Okla. 2002). However, courts have applied state statute of limitations for personal injury actions to Title IX claims. *E.g., id.* at 1264-65. To that end, the two-year statute of limitations proscribed pursuant to Okla. Stat. tit., 12 § 95(A)(3) is appropriate in this matter.[7] *Id.*

In the case at bar, the Court finds that a portion of plaintiff's Title IX claim is barred by the statute of limitations. Upon careful review of the parties' submissions and the docket in this matter, the Court finds that a portion of the alleged conduct occurred prior to January 4, 2010 – two years prior to the January 4, 2012 Complaint – and, therefore, does not satisfy the statute of limitations.

Accordingly, the Court finds that District is entitled to summary judgment against plaintiff's Title IX claims that occurred prior to January 4, 2010.[8]

IV. Conclusion

---

[7] The parties agree that Okla. Stat. tit. 12, § 95(A)(3) applies in this matter.

[8] While plaintiff contends that the "continuing violation doctrine" tolls the statute of limitations, plaintiff has not provided any authority in which the "continuing violation doctrine" has been applied to Title IX claims. Moreover, equitable tolling doctrines such as the "continuing violation doctrine" are applied sparingly. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART District's Motion for Summary Judgment [docket no. 39]. Specifically, the Court GRANTS District's Motion for Summary Judgment as to the statute of limitations and DENIES District's Motion for Summary Judgment in all other aspects.

**IT IS SO ORDERED this 8th day of May, 2013.**

*[Signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE