**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JADE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-13-M |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT | ) | |
| NO. I-1 OF STEPHENS COUNTY, | ) | |
| OKLAHOMA; and | ) | |
| JEREMY SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is scheduled for trial on the Court's May 2013 trial docket.

Before the Court is defendant Jeremy Smith's ("Smith") Motion for Summary Judgment, filed March 1, 2013. On March 22, 2013, plaintiff filed her response, and on March 29, 2013, Smith filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.      Introduction[1]

Plaintiff was a student at Duncan High School from 2006-2010. From 2007-2010, Smith was employed as an Assistant Director of Bands at Duncan High School. Plaintiff interacted with Smith on a constant basis during the school year, as plaintiff was a percussionist and Smith was an instructor overseeing the Percussion Section of the Duncan High School Band.

In summer 2008, while plaintiff was a student and Smith was her teacher, plaintiff and Smith first kissed. According to plaintiff, the kiss occurred at Smith's urging. Over the course of 18 months, plaintiff visited Smith's home several times to kiss Smith. Plaintiff contends that, although she was not physically forced to visit Smith's home and engage in sexual conduct with him, Smith

_____

[1]The facts in this introduction are set forth in the light most favorable plaintiff.

emotionally pressured, groomed, and manipulated plaintiff to believing it was appropriate.[2]  Plaintiff further contends that she advised Smith around March or April 2010 that she did not want a personal relationship with Smith beyond a student-teacher relationship, but Smith continued to pursue her and pressure her through text messages and love letters.

Additionally, plaintiff and Smith engaged in various conversations via text message that communicated their amorous feelings for one another.  The text messages between plaintiff and Smith were discovered and reported to the administration at Duncan Public Schools.  The evidence of the interactions between plaintiff and Smith led to the administrative suspension and eventual termination of Smith from Duncan Public Schools.

Based upon the evidence presented to the Stephens' County District Attorney, Smith was charged with committing rape by instrumentation, Okla. Stat. tit. 21, § 1111.1.  Smith pled guilty to said charge and is under the custody of the Oklahoma Department of Corrections.

On January 4, 2012, plaintiff filed her Complaint, and on February 14, 2012, plaintiff filed her Amended Complaint.  Smith now moves for summary judgment because plaintiff has failed to establish a prima facie case of gross negligence and because a portion of plaintiff's allegations do not satisfy the requisite statute of limitations.

II.    Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational

---

[2]Plaintiff asserts that she has experienced, *inter alia*, anxiety, nausea, and insomnia due to the stress she experienced.

trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   Discussion

A.   Gross Negligence

1.   Liability

Smith asserts that plaintiff cannot establish that Smith acted with a callous indifference to the life, liberty, or property of plaintiff because he cared for plaintiff and believed that they were in a romantic relationship.  Plaintiff contends that Smith is liable for gross negligence because he had a callous indifference to the life, liberty, or property of plaintiff based upon his sexual relationship with plaintiff when plaintiff was Smith's student.

In Oklahoma, "[t]here are three degrees of negligence, namely, slight, ordinary and gross.  The latter includes the former."  Okla. Stat. tit. 25, § 5.   "Slight negligence consists in the want of great care and diligence; ordinary negligence in the want of ordinary care and diligence; and gross

negligence in the want of slight care and diligence." *Id.* § 6.

"Gross negligence is '[t]he intentional failure to perform a manifest duty in reckless disregard of the consequences or in callous indifference to the life, liberty or property of another [which] may result in such a gross want of care for the rights of others and the public that a finding of a willful, wanton, deliberate act is justified.'" *Palace Exploration Co. v. Petroleum Dev. Co.*, 374 F. 3d 951, 954 (10th Cir. 2004) (citing Oklahoma law).  "[A] claim of gross negligence is the same as any negligence claim, differing only as to degree." *Martin v. A.C.G., Inc.*, 956 P.2d 995, 997 (Okla. Civ. App. 1998).[3]

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that there is a genuine issue of material facts as to whether Smith is liable for gross negligence. Specifically, a rational jury could find that Smith's conduct and relationship with his student constituted an intentional failure to perform a manifest duty in reckless disregard of the consequences.  Further, a rational jury could infer that Smith had a callous indifference to the life, liberty, or property of plaintiff by placing pressure on her to have an illegal sexual relationship with him via text messages and love letters.

Accordingly, the Court finds that Smith is not entitled to summary judgment as to plaintiff's claim for gross negligence.

---

[3]Other than the damages argument set forth below in Part III.A.2, Smith does not assert that plaintiff fails to meet the elements of negligence.

2.     Damages[4]

Defendant asserts that plaintiff cannot recover for her gross negligence claim because she cannot demonstrate physical harm.  Plaintiff contends that she suffered emotional damages and physical injury as a result of Smith's alleged actions.

"In any case of negligence [in Oklahoma], a plaintiff must prove the defendant had a duty to protect the plaintiff from injury, a breach of that duty and an injury resulting from the breach." *McMeakin v. Roofing and Sheet Metal Supply Co. of Tulsa*, 807 P.2d 288, 290 (Okla. Civ. App. 1990).  "[N]o recovery may be had for mental suffering which is not produced by, connected with or the result of physical suffering or injury to the person enduring the mental anguish  . . . ." *Ellington v. Coca Cola Bottling Co. of Tulsa, Inc.*, 717 P.2d 109, 111 (Okla. 1986); *see also Cleveland v. Dyn-A-Mite Pest Control, Inc.*, 57 P.3d 119, 131 (Okla. Civ. App. 2002).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that there is a genuine issue of material facts as to whether plaintiff incurred emotional damages resulting from physical injury caused by Smith.  Specifically, based upon the evidence presented by plaintiff, a rational jury could find that the pressure Smith placed on plaintiff resulted in plaintiff's stomach pains, gastrointestinal upset, nausea, and stress.  Further, a rational jury could find that plaintiff's physical and emotional injuries are connected to Smith's alleged conduct.

Accordingly, the Court finds that plaintiff has set forth sufficient evidence regarding her

---

[4]Smith raised an argument based upon the collateral source rule.  However, in Smith's reply, "Smith [] concedes that the collateral source rule does not bar [p]laintiff's recovery of damages."  Smith's Reply to Plaintiff's Response to Smith's Motion for Summary Judgment [docket no. 60] at 7.

damages.  Therefore, Smith is not entitled to summary judgment based upon plaintiff's failure to assert physical injury.

B.      Statute of Limitations

A negligence claim in Oklahoma has a two-year statute of limitations.  *See* Okla. Stat. tit. 12, § 95(A)(3); *see also West v. Bank One Okla., N.A.*, No. CIV-05-431-C, 2005 WL 1322959, at *2 (W.D. Okla. June 1, 2005).  "[T]he statute of limitations for a negligence action begins to run only after two events have transpired: (1) the negligent act has occurred and (2) the plaintiff has suffered damages."  *Marshall v. Fenton, Fenton, Smith, Reneau and Moon, P.C.*, 899 P.2d 621, 624 (Okla. 1995).

Here, the Court finds that a portion of plaintiff's gross negligence claim against Smith is barred by the statute of limitations.  Upon careful review of the parties' submissions and the docket in this matter, the Court finds that plaintiff's damages that occurred prior to January 4, 2010 – twoyears prior to the January 4, 2012 Complaint – do not satisfy the statute of limitations.

Accordingly, the Court finds that Smith is entitled to summary judgment against plaintiff's claims for gross negligence that occurred prior to January 4, 2010.[5]

IV.     Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Smith's Motion for Summary Judgment [docket no. 40].  Specifically, the Court GRANTS Smith's Motion for Summary Judgment as to the statute of limitations and DENIES Smith's Motion for

---

[5]While plaintiff contends that the "continuing violation doctrine" tolls the statute of limitations, plaintiff has not provided any authority in which the "continuing violation doctrine" has been applied to gross negligence claims.  Moreover, equitable tolling doctrines such as the "continuing violation doctrine" are applied sparingly.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Summary Judgment in all other aspects.

**IT IS SO ORDERED this 8th day of May, 2013.**


VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

7